Alex M. Cha, Esq. (Bar No. 208051)
Email: alex@alexchalaw.com
Sena Hori, Esq. (Bar No. 338636)
Email: sena@alexchalaw.com
LAW OFFICES OF ALEX CHA & ASSOCIATES
707 Wilshire Blvd. 46th Floor
Los Angeles, CA 90017
Tel. (213) 351-3513, Fax (213) 351-3514

Melvin L. Chung, Esq. (Bar No. 189519)
Email: mel@huffinechung.com
HUFFINE CHUNG, LLP
2202 S. Figueroa St., #356
Los Angeles, CA 90007
Tel.: (714) 225-9888, Fax (213) 577-2234

Attorneys for Plaintiff BLUPRINT CLOTHING CORP.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUPRINT CLOTHING CORP., a California corporation,<br><br>                    Plaintiff,<br>        v.<br>QVC, INC., a Delaware corporation; and DOES 1 through 10,<br><br>                    Defendants. | Case No.:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT; AND VICARIOUS COPYRIGHT INFRINGEMENT.**<br><br>**Jury Trial Demanded** |

    Plaintiff BLUPRINT CLOTHING CORP. ("Plaintiff" or "BLUPRINT"),

complains, alleges, and prays to this honorable Court for relief based on the

following:

/ / /

/ / /

**INTRODUCTION**

Plaintiff owns the copyrights to five (5) two-dimensional artworks for textile fabric prints (the "Designs"). The copyrights are registered with the United States Copyright Office. Defendants have produced and/or sold at least six (6) styles of clothing copied from Plaintiff's five Designs, without Plaintiff's authorization.

Plaintiff alleges on information and belief that Defendants continue to produce and/or sell the infringing products. This action to enjoin Defendants from further unauthorized use of the Designs, and to recover damages caused by Defendants' willful infringements.

Pursuant to 17 U.S.C. § 504(c), Plaintiff may elect statutory damages up to $150,000.00 for each instance of willful infringement.  As there are 6 counts of infringement known at this time, Plaintiff's total statutory damages are $900,000.00, plus attorney's fees and costs pursuant to 17 U.S.C. § 505.

**JURISDICTION AND VENUE**

1.      This action arises under the Copyright Act, 17 U.S.C., § 101 *et seq.*

2.      This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

3.      This Court has personal jurisdiction over Defendants because they transact substantial business with and within the State of California.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1), because Defendants have significant contacts within this judicial district.

5.     Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred within this judicial district, or a substantial part of the property that is the subject of this action is situated in this judicial district.

6.     Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(c), because the Defendants are subject to this Court's personal jurisdiction.

## THE PARTIES

7.   Plaintiff BLUPRINT is a California corporation with its place of business at 6013 Randolph Street, Commerce, California 90040.  Plaintiff creates, designs, manufactures, and sells printed textile designs and women's apparel throughout the United States and within this judicial district. Plaintiff invests considerable resources and effort to design and develop unique, original print designs for women's clothing.

8.   Plaintiff is informed, believes, and thereon alleges that Defendants QVC, INC. is a Delaware corporation ("Defendants" or "QVC"), located at 1200 Wilson Dr., West Chester, PA 19380, and having its agent for service of process as CSC Lawyers Incorporating Service, Agent for Service of Profess, 2710 Gateway Oaks Dr., Suite 150N, Sacramento, CA 95833.  Defendants produce, distribute or sell women's clothing throughout the United States.  Plaintiff alleges on information and belief that Defendants are a large-volume, national retailer of apparel products, among many other items that they sell, and is widely known for their product-focused television programs and e-commerce websites.

9.   Because Defendants sell women's apparel products throughout the United States, including within this judicial district, Defendants are a competitor of Plaintiff in the women's clothing category.

10.   Plaintiff alleges, on information and belief, that defendants named as DOES 1 through 10, inclusive, are parties not yet identified who infringed Plaintiff's copyrights, contributed to the infringement of Plaintiff's copyrights, or engaged in one or more of the wrongful acts alleged herein. The true names of defendants DOES 1 through 10 are presently unknown to Plaintiff, so Plaintiff sues said defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when ascertained.

11.   Plaintiff alleges, on information and belief, that at all times relevant to the claims in this action, each Defendant was an agent, affiliate, partner, joint venturer, principal, officer, director, employee, and/or alter-ego of the other Defendant and was at all times acting within the scope of such alter-ego relationship or employment, and participated in, ratified, or adopted the wrongful conduct alleged, with knowledge of the facts including, but not limited to, actual or constructive knowledge that Plaintiff's copyrights were infringed or being violated.

/ / /

/ / /

/ / /

## PLAINTIFF'S COPYRIGHTS

12. Plaintiff owns copyrights to five (5) two-dimensional artworks of textile print designs ("Designs") that are registered with the U.S. Copyright Office:

| Design No. | Title | U.S. Copyright Registration |
|------------|-------|------------------------------|
| 1 | BPSK1165 | VAu001209524 |
| 2 | BPSK1142 | VAu001209524 |
| 3 | BPSA1493 | VAu001279759 |
| 4 | BPSS1426 | VAu001231393 |
| 5 | BPVN1284 | VAu001186808 |

13. Plaintiff's registered copyrights are prima facie evidence of ownership. As the owner, Plaintiff has the exclusive rights to reproduce the Designs, prepare derivative works, and distribute copies for a commercial purpose. (17 U.S.C. § 106)

## ACCESS TO THE DESIGNS

14. Prior to Defendants' infringing conduct alleged herein, Plaintiff showed the Designs, in the normal course of business, to persons in the textile and apparel industry, sales representatives, buyers, potential customers, and fabric printers by providing samples, artwork, or images of the Designs. The Designs are shown to buyers, sales representatives, wholesalers, retailers, or showrooms, and Plaintiff's artwork samples are disseminated through regional or national market channels.

15. Plaintiff alleges on information and belief that Defendants gained access to the Designs and began producing products featuring copies of the Designs that are virtually identical or substantially similar to Plaintiff's Designs. Defendants did so without Plaintiff's knowledge or authorization.

16.   Defendants' unauthorized products were featured and sold through their sales channels, including but not limited to internet websites, and other wholesale and/or retail channels on a national level.  Plaintiff discovered Defendants' unlawful copies through industry channels, online shopping websites, or retail stores where the infringing products were being sold to the public under third-party brand names such as SUSAN GRAVER and DENIM & CO. which were being promoted by Defendants.

17.   Plaintiff alleges on information and belief that Defendants began producing or selling the unauthorized copies over a 3-year period beginning as early as year 2020 and as recently as April 2023, although the actual period may be longer, and Plaintiff believes that Defendants have not stopped offering the unauthorized copies for sale.  Because the full scope and extent of Defendants' infringing conduct are unknown to Plaintiff at this time, Plaintiff will seek leave to amend its Complaint accordingly as further facts are discovered.

## COPYRIGHT INFRINGEMENT OF DESIGN NO. 1

18.   Plaintiff owns the copyrights to Design No. 1, U.S. Copyright Registration No. VAu001209524 , Titled BPSK1165.

19.  Defendants had access to this Design and copied it to produce and/or sell products featuring designs that are virtually identical or substantially similar to Plaintiff's Design. Any differences in color are not determinative, as copyright protects the original expression regardless of color differences.

20.  Defendants did so without Plaintiff's authorization, and sold unauthorized copies as their own brand or as other brands labeled as "Denim & Co." or "Susan Graver" brands. Plaintiff's Original Design and Defendant's Unauthorized Copy are shown below, as follows:

| Design No. | Plaintiff's Original Design | Defendants' Unauthorized Copy |
|---|---|---|
| 1 | BPSK1165  | Sold as "Susan Graver" brand  |

**COPYRIGHT INFRINGEMENT OF DESIGN NO. 2**

21.    Plaintiff owns the copyrights to Design No. 2, U.S. Copyright Registration No. VAu001209524 , Titled BPSK1142.

22.  Defendants had access to this Design and copied it to produce and/or sell products featuring designs that are virtually identical or substantially similar to Plaintiff's Design. Any differences in color are not determinative, as copyright protects the original expression regardless of color differences.

23.   Defendants did so without Plaintiff's authorization, and sold unauthorized copies as their own brand or as other brands labeled as "Denim & Co." or "Susan Graver" brands. Plaintiff's Original Design and Defendant's Unauthorized Copy are shown below, as follows:

| Design No. | Plaintiff's Original Design | Defendants' Unauthorized Copy |
|---|---|---|
| 2 | BPSK1142  | Sold as "Denim & Co." brand  |

## COPYRIGHT INFRINGEMENT OF DESIGN NO. 3

24.   Plaintiff owns the copyrights to Design No. 3, U.S. Copyright Registration No. VAu001279759, Titled BPSA1493.

25.   Defendants had access to this Design and copied it to produce and/or sell products featuring designs that are virtually identical or substantially similar to Plaintiff's Design. Any differences in color are not determinative, as copyright protects the original expression regardless of color differences.

26. Defendants did so without Plaintiff's authorization, and sold unauthorized copies as their own brand or as other brands labeled as "Denim & Co." or "Susan Graver" brands. Plaintiff's Original Design and Defendant's Unauthorized Copy are shown below, as follows:

| Design No. | Plaintiff's Original Design | Defendants' Unauthorized Copy |
|---|---|---|
| 3 | BPSA1493  | Sold as "Susan Graver" brand  |

## COPYRIGHT INFRINGEMENT OF DESIGN NO. 4

27. Plaintiff owns the copyrights to Design No. 4, U.S. Copyright Registration No. VAu001231393, Titled BPSS1426.

28. Defendants had access to this Design and copied it to produce and/or sell products featuring designs that are virtually identical or substantially similar to Plaintiff's Design. Any differences in color are not determinative, as copyright protects the original expression regardless of color differences.

29.  Defendants did so without Plaintiff's authorization, and sold unauthorized copies as their own brand or as other brands labeled as "Denim & Co." or "Susan Graver" brands. Plaintiff's Original Design and Defendant's Unauthorized Copy are shown below, as follows:

| Design No. | Plaintiff's Original Design | Defendants' Unauthorized Copy |
|---|---|---|
| 4 | BPSS1426  | Sold as "Denim & Co." brand  |

## COPYRIGHT INFRINGEMENT OF DESIGN NO. 5

30.   Plaintiff owns the copyrights to Design No. 5, U.S. Copyright Registration No. VAu001186808, Titled BPVN1284.

31.  Defendants had access to this Design and copied it to produce and/or sell products featuring designs that are virtually identical or substantially similar to Plaintiff's Design. Any differences in color are not determinative, as copyright protects the original expression regardless of color differences.

32.  Defendants did so without Plaintiff's authorization, and sold unauthorized copies as their own brand or as other brands labeled as "Denim & Co." or "Susan

Graver" brands. Plaintiff's Original Design and Defendant's Unauthorized Copy are shown below, as follows:

| Design No. | Plaintiff's Original Design | Defendants' Unauthorized Copy |
|---|---|---|
| 5 | BPVN1284  | Sold as "Susan Graver" brand  |

## COPYRIGHT INFRINGEMENT OF DESIGN NO. 6

33.    Plaintiff owns the copyrights to Design No. 6, U.S. Copyright Registration No. VAu001186808, Titled BPVN1284 (color variant).

34.  Defendants had access to this Design and copied it to produce and/or sell products featuring designs that are virtually identical or substantially similar to Plaintiff's Design. Any differences in color are not determinative, as copyright protects the original expression regardless of color differences.

35.  Defendants did so without Plaintiff's authorization, and sold unauthorized copies as their own brand or as other brands labeled as "Denim & Co." or "Susan Graver" brands. Plaintiff's Original Design and Defendant's Unauthorized Copy are shown below, as follows:

| Design No. | Plaintiff's Original Design | Defendants' Unauthorized Copy |
|---|---|---|
| 6 | BPVN1284  | Sold as "Susan Graver" brand |

## **FIRST CLAIM FOR RELIEF**

### **Copyright Infringement**

36.    Plaintiff repeats, realleges, and incorporates by reference herein all allegations asserted in the preceding paragraphs of this Complaint as though specifically pleaded herein.

37.    Pursuant to 17 U.S.C. § 106 and at all times relevant to the claims and allegations in this Complaint, Plaintiff was the exclusive owner of the copyrights as set forth hereinabove.

38.    Defendants had access to Plaintiff's Designs prior to or contemporaneously with Defendants' infringing conduct as described hereinabove.

39.    Defendants knowingly and willfully copied, reproduced, replicated, and/or manipulated Plaintiff's Designs to create, produce, manufacture, distribute, advertise, offer for sale, and/or sell clothing products featuring fabric print designs that are virtually identical or substantially similar to Plaintiff's Designs. Defendants did so without Plaintiff's knowledge or authorization, and without proper legal justification or excuse; therefore, Defendants infringed Plaintiff's copyrights.

40.     Plaintiff is entitled to recover actual damages and disgorgement of Defendant's profits pursuant to 17 U.S.C. § 504(b).  Plaintiff does not yet know the total of Defendants' profits from their infringement of Plaintiff's copyrights; Plaintiff will prove its damages at trial.   In lieu of actual damages and upon Plaintiff's election, Plaintiff may elect statutory damages of $30,000.00 per infringement, for a total of Three Hundred Thirty Thousand Dollars ($330,000.00) for the eleven (11) counts of infringement as provided by 17 U.S.C. § 504(c)(1).

41.  Pursuant to 17 U.S.C. § 504(c)(2), Plaintiff may elect statutory damages of $150,000.00 for each willful infringement.  Because Defendants had access to Plaintiff's Designs, proceeded to produce and/or sell products that were substantially similar to Plaintiff's Designs, Defendants engaged in willful infringement. Plaintiff's statutory damages for willful infringement are One Million Six Hundred Fifty Thousand Dollars ($1,650,000.00) under 17 U.S.C. § 504(c)(2).  Plaintiff will make its election of statutory damages within the time permitted.

## SECOND CLAIM FOR RELIEF

### Vicarious Copyright Infringement

42.     Plaintiff repeats, realleges, and incorporates by reference herein all allegations asserted in the preceding paragraphs of this Complaint as though specifically pleaded herein.

43.     Plaintiff is informed and believes and thereon alleges that Defendants willfully induced, participated in, or aided in and profited from the illegal copying of

Plaintiff's Designs and the production, distribution and/or sale of products featuring fabric prints that are substantially similar to Plaintiff's Designs.

44.  Plaintiff is informed and believes and thereon alleges that Defendants are vicariously liable for the infringements because they had the opportunity, right, and ability to carry out, supervise and/or control the infringing conduct, and had a direct pecuniary interest in the infringing conduct.

45.  As an actual and proximate result of Defendants' acts of vicarious infringement as alleged, Plaintiff suffered damages in an amount to be proven at trial.

46.  Plaintiff is informed and believes, and alleges on such information and belief, that Defendants obtained profits, sales, and/or benefits they would not otherwise have obtained but for their infringement of Plaintiff's Designs.  Plaintiff is entitled to disgorgement of Defendants' profits that are attributable to their infringement of Plaintiff's Designs in an amount to be proven at trial pursuant to 17 U.S.C. § 504(b).

47.  In lieu of actual damages and upon Plaintiff's election, Plaintiff may elect statutory damages of $30,000.00 per infringement, or no less than One Hundred Eighty Thousand Dollars ($180,000.00) for six (6) counts of infringement, as provided under 17 U.S.C. § 504(c)(1).

48.  Pursuant to 17 U.S.C. § 504(c)(2), Plaintiff is entitled to elect statutory damages of $150,000.00 for each infringement that was willful.  A presumption of

willful infringement arises where the Defendants had access to the Designs, produced or sold items substantially similar to the Designs, and failed to cease and desist. Plaintiff's total statutory damages for six (6) counts of infringement are Nine Hundred Thousand Dollars ($1,650,000.00) as provided by 17 U.S.C. § 504(c)(2). Plaintiff will make its election of statutory damages within the time permitted.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

(1)  Preliminary injunction to enjoin Defendants from copying Plaintiff's Designs and from selling items that are substantially similar to the Designs;

(2)  Permanent injunction to enjoin Defendants from copying Plaintiff's Designs to manufacture, distribute, or sell clothing products having fabric prints that are substantially similar to Plaintiff's Designs;

(3)  Order directing Defendants to provide Plaintiff and this Court with an accounting of Defendant's gross sales and profits garnered from the production and sale of products that infringed on Plaintiff's copyrights, i.e., the Defendants' products exhibited in this action, plus Defendants' production and inventory records of the infringing products over the past five years;

(4) For each willful infringement of the six Designs, statutory damages pursuant to 17 U.S.C. § 504(c)(2) upon election by Plaintiff of $150,000.00 for each willful infringement, for a total not less than $900,000.00;

(5)   For each non-willful infringement, statutory damages pursuant to 17 U.S.C. § 504(c)(1) of $30,000.00 for each infringement, for a total not less than $180,000.00; alternatively, if Plaintiff's actual damages and lost profits are greater than statutory damages, award of Plaintiff's actual damages and disgorgement of Defendants' profits pursuant to 17 U.S.C. § 504(b) according to proof at trial;

(6)   Award of pre-judgment/post-judgment interest of 10% per annum, or the legal rate allowed by this Court;

(7)   Award of attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(8)   For such further relief the Court deems just and proper.

Jury trial is demanded on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

LAW OFFICES OF ALEX J. CHA & ASSOCIATES

May 18, 2023                    /s/    *Alex Cha*

Alex M. Cha
Attorneys for Plaintiff

HUFFINE CHUNG, LLP

May 18, 2023                    /s/

Melvin L. Chung
Attorneys for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28