Scott S. Humphreys (SBN 298021)
humphreyss@ballardspahr.com
Noah S. Robbins (*pro hac vice*)
robbinsn@ballardspahr.com
BALLARD SPAHR LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400
Facsimile: 424.204.4350

Attorneys for Defendant, QVC, Inc., a
Delaware corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUPRINT CLOTHING CORP., a California corporation,<br><br>               Plaintiff,<br><br>    v.<br><br>QVC, Inc., a Delaware corporation; and DOES 1 through 10,<br><br>               Defendants. | Case No. 2:23-cv-03805-SPG-MAA<br><br>Assigned for all purposes to the Honorable Sherilyn Peace Garnett<br><br>**DEFENDANT QVC, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>[(Proposed) Order Filed Concurrently Herewith]<br><br>Date: Wednesday, May 22, 2024<br>Time: 1:30PM<br>Judge: Hon. Sherilyn Peace Garnett<br>Courtroom: 5C<br><br>Complaint Filed: May 18, 2023<br>Trial Date: None Set |

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

**TO PLAINTIFF AND TO ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Wednesday, May 22, 2024, at 1:30PM, or as soon thereafter as the matter may be heard in the above-entitled court, located at 350 West 1st Street, Los Angeles, CA 90012 (Courtroom 5C), Defendant QVC, Inc. ("QVC") will and hereby does move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an Order dismissing Plaintiff's Third Amended Complaint (ECF No. 44) for failure to state any legal claim for which relief can be granted.

This motion is made on the grounds that, Plaintiff, in its Third Amended Complaint ("TAC"), again failed to allege sufficient factual matter to establish that QVC had access to any of Plaintiff's asserted designs. Plaintiff also failed to establish any plausible connection or relationship between QVC and the Susan Graver brand.  As a result of these deficiencies, and because the Court has already determined that the works at issue are not strikingly similar as a matter of law, Plaintiff fails to state any cognizable claim for Copyright Infringement.

This motion is made following a conference of counsel pursuant to L.R. 7-3. Counsel met and conferred telephonically on March 19, 2023 regarding QVC's intention to move to dismiss Plaintiff's Third Amended Complaint. The parties agreed during that conference that they had reached an impasse regarding the sufficiency of the TAC. This motion follows.

This Motion is based upon this Notice of Motion; the attached Memorandum of Points and Authorities and [Proposed] Order; on all of the pleadings and papers filed in the above-captioned action; and on any argument or evidence that may be presented to or considered by the Court prior to its ruling.

DATED:  March 28, 2024

*/s/ Scott Humphreys*
Scott Humphreys
BALLARD SPAHR LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400
Facsimile: 424.204.4350
humphreyss@ballardspahr.com

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

1

2  Noah S. Robbins
   BALLARD SPAHR LLP
3  1735 Market Street, 51st Floor
   Philadelphia, PA 19103
4  Telephone: 215.864.8745
   Facsimile: 215.864.8999
5  robbinsn@ballardspahr.com

6  *Attorneys for Defendant, QVC, Inc.*

7

8

9

10

11

12

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEF. QVC, INC.'S MOT. TO DISMISS THIRD AMENDED COMPLAINT; CASE NO. 2:23-CV-03805-SPG-MAA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

# **TABLE OF CONTENTS**

I.    INTRODUCTION .................................................................................1

II.   FACTUAL BACKGROUND ..............................................................3

III.  STANDARD OF REVIEW ..................................................................5

IV.   ARGUMENT .......................................................................................7

    A.   The TAC Does Not Plausibly Allege that QVC Had Access to Any of Plaintiff's Asserted Works..........................................7

        1.   The TAC Fails to Allege Sufficient Facts Concerning the "Scope and Scale" of the Designs' Dissemination.....................8

            (a)   Plaintiff Failed to Sufficiently Allege that Design No. 1 Was Widely Disseminated ...................................13

            (b)   Plaintiff Failed to Sufficiently Allege that Design No. 2 Was Widely Disseminated ...................................14

            (c)   Plaintiff Failed to Sufficiently Allege that Design No. 3 Was Widely Disseminated ...................................15

            (d)   Plaintiff Failed to Sufficiently Allege that Design No. 4 Was Widely Disseminated ...................................16

            (e)   Plaintiff Failed to Sufficiently Allege that Designs Nos. 5 & 6 Were Widely Disseminated ........................18

    B.   The TAC Fails to Allege Any Relationship Between QVC and the Susan Graver Brand ...........................................................19

V.    CONCLUSION ..................................................................................21

i

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

5

*Art Attacks Ink, LLC v. MGA Entm't Inc.*,
581 F.3d 1138 (9th Cir. 2009) ...........................................................8, 11, 12, 15

6

7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................6

8

9

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ...............................................................................5, 6, 8, 18

10

11

*Cole v. Sunnyvale*,
No. C-8-5017, 2010 WL 532428 (N.D. Cal. Feb. 9, 2010) .................................6

12

13

*Dress Barn, Inc. v. Klauber Bros., Inc.*,
No. CV 18-8085-DLC, 2019 WL 1949675 (S.D.N.Y. Apr. 22, 2019).........................................................................................................14, 15

14

15

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340 (1991) ............................................................................................7

16

17

18

*Gold Value Int'l Textile, Inc. v. Forever 21, Inc.*,
No. 16-07174-RSWL-AJWx, 2018 WL 2328202 (C.D. Cal. May 22, 2018) .................................................................................................10, 19

19

20

*Gray v. JPMorgan Chase Bank*,
No. CV 11-05337 DDP, 2012 WL 1340315 (C.D. Cal. Apr. 18, 2012) ...............................................................................................................6

21

22

*Klauber Bros., Inc. v. QVC, Inc.*,
No. 19-cv-09321, 2020 WL 7029088 (S.D.N.Y. Nov. 30, 2020).................11, 18

23

24

25

*Klauber Bros., Inc. v. URBN US Retail LLC*,
No. 1:21-cv-4526-GHW, 2022 WL 1539905 (S.D.N.Y. May 14, 2022) .................................................................................................11, 18

26

27

*Klauber v. M.J.C.L.K., LLC*,
No. 21 Civ. 4523 (PGG), 2022 WL 5108902 (S.D.N.Y. Oct. 4, 2022) ...............................................................................................................18

28

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

ii

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

*L.A. Printex Indus. v. Aeropostale, Inc.*,
    676 F.3d 841 (9th Cir. 2012) ........................................................................ 7, 19

*Loomis v. Cornish*,
    836 F.3d 991 (9th Cir. 2016) ..................................................................... 12, 13, 14

*Moss v. U.S. Secret Serv.*,
    572 F.3d 962 (9th Cir. 2009) ............................................................................... 6

*Nat'l Bus. Dev. Servs. v. Am. Credit Educ. & Consulting, Inc.*,
    299 Fed. App'x 509 (6th Cir. 2008) .................................................................. 5

*Rentmeester v. Nike, Inc.*,
    883 F.3d 1111 (9th Cir. 2018) ............................................................................ 7

*Rice v. Fox Broadcasting Co.*,
    330 F.3d 1170 (9th Cir. 2003) .......................................................................... 12

*Schneidereit v. Tr. of the Scott & Brian, Inc.*,
    No. 11-6919, 2012 WL 12884908 (C.D. Cal. Apr. 27, 2012), *aff'd*,
    693 F. App'x 733 (9th Cir. 2017) ....................................................................... 6

*Segal v. Segel*,
    No. 20-cv-1382-BAS-JLB, 2022 WL 198699 (S.D. Cal. Jan. 21,
    2022) ............................................................................................... 8, 9, 12, 13

*Smith v. Jackson*,
    84 F.3d 1213 (9th Cir. 1996) ............................................................................. 7

*Smith v. Sahlolbei*,
    No. 5:14-cv-650-CJC (GJS), 2015 WL 7731374 (C.D. Cal. Oct. 28,
    2015) ................................................................................................................ 20

*Star Fabrics, Inc. v. Wet Seal, Inc.*,
    No. 14-07163-BRO, 2014 WL 12591271 (C.D. Cal. Dec. 2, 2014) .................. 12

*Tate-Robertson v. Walmart, Inc.*,
    No. CV 19-27 JGB (SHKx), 2019 WL 6448960 (C.D. Cal. May 16,
    2019) ........................................................................................................... 10, 16

*Three Boys Music Corp. v. Bolton*,
    212 F.3d 477 (9th Cir. 2000) .............................................................................. 8

iii

*Tikotzky v. Kai Data, LLC*,
    No. 21-971 JGB (SHKx), 2021 WL 3924757 (C.D. Cal. June 23, 2021) .................................................................................... 20

*Unicolors, Inc. v. Urban Outfitters, Inc.*,
    No. 14-01029 SJO, 2015 WL 12733470 (C.D. Cal. Feb. 17, 2015) ............. 16, 19

*W. Mining Council v. Watt*,
    643 F.2d 618 (9th Cir. 1981) .................................................................... 6

*Warren v. Fox Family Worldwide, Inc.*,
    328 F.3d 1136 (9th Cir. 2003) .................................................................. 6

*Williams v. Yamaha Motor Corp., U.S.A.*,
    106 F. Supp. 3d 1101 (C.D. Cal. 2015) ..................................................... 17

**Other Authorities**

Fed. R. Civ. P. 8(d)(3) ................................................................................ 19

Fed. R. Civ. P. 12(b)(6) ...................................................................... 3, 5, 6, 17

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

DEF. QVC, INC.'S MOT. TO DISMISS THIRD AMENDED COMPLAINT; CASE NO. 2:23-CV-03805-SPG-MAA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Through four different iterations of the Complaint, two fully briefed Motions to Dismiss, and two detailed Orders granting those Motions to Dismiss, Plaintiff's allegations have consistently fallen short of plausibly alleging that Defendant QVC, Inc. ("QVC") had access to Plaintiff's designs.  In its Orders granting QVC's Motions to Dismiss, this Court has repeatedly emphasized that, to evaluate whether the designs at issue were widely disseminated, Plaintiff must allege sufficient facts concerning the "scope and scale" of its dissemination.  Plaintiff's Third Amended Complaint ("TAC") does not provide any allegations concerning the number of stores that actually sold Plaintiff's designs or the geographic boundaries of where these stores were located.  Nor can Plaintiff, for the majority of designs at issue, allege the number of units actually sold to consumers.  The limited allegations Plaintiff does provide regarding its retailers' sales of its designs to the public are inconsistent with the "scale" necessary to constitute widespread dissemination. Consequently, the TAC, like its predecessors, fails to include allegations sufficient to permit the plausible inference of access.

Plaintiff again concedes that the only way for QVC to conceivably access the asserted designs is through secondary sales or distribution of the designs by Plaintiff's retailers. But as before, Plaintiff fails to provide any allegations whatsoever detailing the geographic scope of or distribution channels used to facilitate the retailers' distribution of the asserted designs.  Rather than offer allegations as to how the designs *were* disseminated the TAC instead devotes pages to counting the "approximate" number of storefronts and websites from which retailers *might have* sold or displayed the asserted designs. But the Court has already explained precisely why these allegations are insufficient, and Plaintiff's failure to supplement its speculation with specifics renders all of its designs subject to dismissal.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

1

Apart from its failure to identify the number and locations of any stores selling the designs at issue, which infects all of the designs at issue, the allegations for each individual design also remain deficient.  Consistent with its continued conflation of the theoretical ability of its retailers to widely disseminate products *generally* with the widespread dissemination of *these products specifically*, Plaintiff still fails to provide necessary context regarding the dissemination of these designs.  Save for one isolated instance, Plaintiff does not (because it cannot) say how many units of any design were ever actually sold to customers. As for the remaining designs, even Plaintiff's estimated volume of sales to the public, based only on information and belief, fall short of what courts have deemed sufficient to support a finding of access based on widespread dissemination.  While there is no black and white rule as to the number of sales that are sufficient to plausibly infer access, 2,000 units of a single shirt in an undefined geographic region does not remotely approach, let alone clear, the bar.

In its prior Orders, this Court has made clear which factual allegations Plaintiff must supply to properly state a claim.  Plaintiff's only effort to follow this guidance concerns the Court's recognition that, as to Design Nos. 1, 3, 5, and 6, Plaintiff's claims fail because it does not properly allege vicarious liability against QVC and any direct infringement claim fails because, by Plaintiff's own allegation, QVC did not create the allegedly infringing designs.  Rather than supplement its vicarious liability allegations against QVC, the TAC claims that QVC is the direct infringer because, contrary to Plaintiff's prior allegations, QVC owns the Susan Graver brand.  An amended complaint is not an etch-a-sketch.  In assessing the plausibility of this new allegation, the Court can and should hold Plaintiff to its prior admission:  The Susan Graver brand is owned by former defendant Susie Q (not QVC) and, consequently, QVC cannot be the direct infringer for any alleged infringement committed by that entity.

Plaintiff has now had four opportunities to state a claim.  With respect to

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

2

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

widespread dissemination, each iterative has included just a trickle of new allegations and failed to remedy the specific guidance this Court provided.  Now having forced QVC and the Court to address the sufficiency of its allegations on multiple occasions, the reason why Plaintiff did not include all of the information supporting its widespread dissemination claim initially (or at least in response to the Court's first order of dismissal) is readily apparent:  Plaintiff did not allege facts that would permit the plausible inference of widespread dissemination because such facts do not exist. Plaintiff's TAC should be dismissed with prejudice, and without leave to amend.

## II.    FACTUAL BACKGROUND

Plaintiff initiated this Action on May 18, 2023, asserting claims of direct and vicarious copyright infringement against Defendant QVC, Inc. ("QVC"). *See* Dkt. 1; Dkt. 12.[1]  On July 26, 2023, QVC moved to dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) based on Plaintiff's failure to sufficiently allege: (1) that QVC had access to any of Plaintiff's asserted designs, and (2) that any of QVC's accused fabric designs are "substantially similar" to any of Plaintiff's asserted designs. *See* Dkt. 22. This Court granted QVC's motion, finding that "Plaintiff failed to adequately allege that Defendant had access to the subject designs" and that "[t]he side-by-side comparisons of the works as alleged in the FAC" failed to meet the higher burden of "striking similarity" required to state a claim for copyright infringement in the absence of access. Dkt. 33 at 6-8. Plaintiff was granted leave to amend its FAC. *Id.*

Plaintiff filed its Second Amended Complaint ("SAC") on October 19, 2023, again asserting claims of direct and vicarious copyright infringement against QVC.

---

[1] On June 12, 2023, Plaintiff filed its First Amended Complaint ("FAC") to name Susie Q, Inc. and Meryl Diamond, Ltd. as Defendants in this litigation. *See* Dkt. 12. Plaintiff voluntarily dismissed both Susie Q, Inc. and Meryl Diamond, Ltd. from this Action on September 11, 2023. *See* Dkt. 29. Plaintiff then included allegations against Susie Q, Inc. in its Second Amended Complaint. Dkt. 34; *see also* Dkt. 36. Plaintiff then filed a second voluntarily dismissal of both Susie Q, Inc. and Meryl Diamond, Ltd. from this Action on November 2, 2023. Dkt. 36.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

*See* Dkt. 34. On November 16, 2023, QVC moved to dismiss Plaintiff's SAC based on Plaintiff's failure to sufficiently allege that QVC had access to any of Plaintiff's asserted designs. Dkt. 38.

At the outset of its Order granting QVC's second Motion to Dismiss, this Court held that Plaintiff's allegations regarding Design Nos. 1, 3, 5, and 6 were deficient because those allegations "all concern[ed] allegedly infringing conduct by 'Defendants' operating 'under the brand name 'Susan Graver'" which, as Plaintiff alleged, "is the brand name under which former defendant Susie Q, Inc. ('Susie Q') operates." Dkt. 43 at 2; *see also* Dkt. 34 ¶ 17 ("Plaintiff discovered Defendants' unlawful copies through industry channels, online shopping websites, and/or retail stores where the infringing products were being sold to the public under brand names such as SUSAN GRAVER and DENIM & CO. which are brands owned by Defendants SUSIE Q and QVC, respectively, and were being promoted by Defendants."). Because Plaintiff had already dismissed its claims against Susie Q (twice) and because the SAC did not allege that QVC either conducted business "under this brand name" or that QVC "ha[d] any relationship with Susie Q," claims based on Design Nos. 1, 3, 5, and 6 were dismissed before the Court considered the SAC's allegations of access. *Id.* at 3.

As to the remaining Design Nos. 2 and 4, the Court granted QVC's Motion to Dismiss Plaintiff's direct copyright infringement claims, finding that "as before, Plaintiff has failed to allege a theory of access, which is a necessary part of its [copyright infringement] claim where, as here, Plaintiff does not allege that Defendant directly accessed the Designs." Dkt. 43 at 7. The Court also granted QVC's Motion to Dismiss Plaintiff's vicarious copyright infringement claims because Plaintiff's SAC again failed to allege copyright infringement by any third party. *Id.* at 7-8. Plaintiff was granted leave to amend its complaint a final time. *Id.* at 8 ("The Court cautions Plaintiff, however, that if it chooses to file another complaint, Plaintiff must cure the deficiencies in its pleadings identified by the

Court in this and its prior Orders. If Plaintiff again fails to remedy the issues identified by the Court, its next complaint will be dismissed with prejudice.") (internal citations omitted).

Plaintiff filed its TAC on February 22, 2024, again asserting claims of direct copyright against QVC, but omitting any vicarious copyright infringement claims. *See* Dkt. 44. In the TAC, Plaintiff alleges that it owns the U.S. copyright registrations for the same five two-dimensional textile prints that were asserted in its three prior iterations of this Complaint. Dkt. 44 ¶ 12.

With respect to alleged widespread dissemination, while Plaintiff did include a factual allegation evidencing the number of units of one asserted designs sold by one retailer, the TAC universally fails to identify any location where any one of Plaintiff's retailers sold or displayed any of Plaintiff's designs or which distribution channels those retailers used to sell or display Plaintiff's designs. For the remaining designs, Plaintiff again failed to allege any facts regarding how many units (if any) of Plaintiff's designs were sold by any of Plaintiff's retailers. Nevertheless, Plaintiff again summarily concludes that QVC "obtain[ed] or view[ed] products and images" of the asserted designs through each respective retailer's stores or websites, then sold designs that are allegedly substantially similar to Plaintiff's alleged copyrights. *Id.* at ¶ 15.

## III.    STANDARD OF REVIEW

Rule 12(b)(6) aims to eliminate legally deficient complaints before parties are forced to engage in expensive discovery. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-559 (2007). The importance of Rule 12(b)(6) is particularly pronounced in the context of copyright infringement litigation because these actions "lend[] [themselves] readily to abusive litigation, since the high cost of trying such a case can force a defendant who might otherwise be successful in trial to settle in order to avoid the time and expenditure of a resources intensive case." *Nat'l Bus. Dev. Servs. v. Am. Credit Educ. & Consulting, Inc.*, 299 Fed. App'x 509, 512 (6th

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Cir. 2008).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the challenged complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "[F]ormulaic recitation[s] of the elements of a cause of action," without more, "will not do." *Twombly*, 550 U.S. at 555. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

While courts are generally required to accept all factual allegations as true when considering a motion to dismiss, courts are not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).  Nor are courts expected to blindly accept the truth of any new allegations that contradict admissions made in earlier pleadings. *See, e.g.*, *Gray v. JPMorgan Chase Bank*, No. CV 11-05337 DDP (PLAx), 2012 WL 1340315, at *2 (C.D. Cal. Apr. 18, 2012) Indeed, courts "may consider Plaintiff's prior allegations in determining the *plausibility* of their allegations in the TAC." *Schneidereit v. Tr. of the Scott & Brian, Inc.*, No. 11-6919, 2012 WL 12884908, at *1 n.5 (C.D. Cal. Apr. 27, 2012) (emphasis in original), *aff'd*, 693 F. App'x 733 (9th Cir. 2017); *see also Cole v. Sunnyvale*, No. C-8-5017, 2010 WL 532428, at *4 (N.D. Cal. Feb. 9, 2010) ("The court may also consider the prior allegations as part of its 'context-specific' inquiry based on its judicial experience and common sense to assess whether the Third Amended Complaint plausibly suggests an entitlement to relief . . . .") (quoting *Iqbal*, 556 U.S. at 664-65).

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

6

## IV.    ARGUMENT

To state a plausible claim for copyright infringement, a plaintiff must allege sufficient *facts*—not legal conclusions, unsupported beliefs, or speculative lists of hypothetical possibilities—to establish both: "(1) [its] ownership of a valid copyright,[2] and (2) [defendant's] copying of constituent elements of [plaintiff's] work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Where, as here, there is no direct evidence of copying, a plaintiff can establish the "copying" element circumstantially "by showing that: (1) the defendant had access to the plaintiff's work and (2) the two works are substantially similar." *L.A. Printex Indus. v. Aeropostale, Inc.*, 676 F.3d 841, 854 (9th Cir. 2012) (citing *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996)).

### A.    The TAC Does Not Plausibly Allege that QVC Had Access to Any of Plaintiff's Asserted Works

As this Court has previously explained, copyright law protects against copying, not mere alleged similarity. Consequently, "[p]roof of copying by the defendant is necessary because independent creation is a complete defense to copyright infringement. No matter how similar the plaintiff's and the defendant's works are, if the defendant created his independently, without knowledge of or exposure to the plaintiff's work, the defendant is not liable for infringement." *See Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018), *overruled in part by Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1069 (9th Cir. 2020) (rejecting continuing application of inverse ratio rule to assess substantial similarity). Because there can be no liability in the absence of copying, a plaintiff's ability to plausibly allege that defendant had access to the copyrighted work is essential to a properly pled copyright infringement claim.

---

[2] Again, for the limited purpose of this Motion only, QVC is not challenging Plaintiff's ownership or the validity of the underlying copyright registrations.  In addition, in light of the Court's Order granting QVC's first Motion to Dismiss (Dkt. 33), QVC does not challenge substantial similarity at the pleadings stage.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

DEF. QVC, INC.'S MOT. TO DISMISS THIRD AMENDED COMPLAINT; CASE NO. 2:23-CV-03805-SPG-MAA

Not only has this Court repeatedly reiterated the importance of alleging specific facts to show "that Defendant had a 'reasonable opportunity' or 'reasonable possibility' of viewing the work at issue," *see, e.g.*, Dkt. 43 at 6 (quoting *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000) *overruled on other grounds by Skidmore*, 952 F.3d at 1066), it has repeatedly provided Plaintiff with specifically-tailored instructions detailing exactly which facts must be included to "nudge[] [its] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *see, e.g.*, Dkt. 33 at 6 ("[T]o adequately allege widespread dissemination, . . . Plaintiff could have, for instance, alleged boundaries of distribution, approximate times of distribution, or specific methods of distribution that expressly linked Plaintiff's distribution to Defendant, but Plaintiff did not do so."); Dkt. 43 at 6 ("Although Plaintiff now includes information about its sales of the Designs, these allegations fall far short of demonstrating the scope and scale of the Designs' dissemination . . . Plaintiff does not specify how many units of the Designs it sold, in what timeframe the Designs were sold, or in which geographic regions Christopher & Banks retailed the Designs."). Nevertheless, Plaintiff's TAC again lacks sufficient factual detail to create any more than a "bare possibility" that QVC could have encountered the works at issue, falling far short of alleging facts from which this Court could reasonably infer access by virtue of the designs' alleged widespread dissemination.

### 1. The TAC Fails to Allege Sufficient Facts Concerning the "Scope and Scale" of the Designs' Dissemination

"Allegations that support a finding of access through wide dissemination are those that enable a court to infer plausibly that the alleged protected works reached an audience sufficiently large and diverse to render reasonable the possibility the alleged infringer himself is among that audience." *Segal v. Segel*, No. 20-cv-1382-BAS-JLB, 2022 WL 198699, at *9 (S.D. Cal. Jan. 21, 2022) (citing *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1144-45 (9th Cir. 2009)). Thus, as this

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Court has repeatedly recognized, whether Plaintiff's Designs were widely disseminated turns on the "scope and scale *of the Designs' dissemination.*" Dkt. 43 at 6; *see also* Dkt. 33 at 6 (explaining that widespread dissemination turns on the "scope and scale of Plaintiff's dissemination."). To demonstrate the "scope and scale of Plaintiff's dissemination," this Court advised that "Plaintiff, could [], for instance, allege[] boundaries of distribution, approximate times of distribution, or specific methods of distribution that expressly linked Plaintiff's distribution." Dkt. 33 at 6; *see also* Dkt. 43 at 6 (reiterating that Plaintiff needed to include allegations regarding "which geographic regions [retailers sold] the Designs" to support its theory of access). Plaintiff, yet again, failed to allege any of these necessary details in its TAC. For example, the TAC does not identify the geographic regions in which the designs were sold (*i.e.*, the "boundaries of distribution") or, save one exception addressed below, the approximate length of distribution. Nor does the TAC contain any factual allegations that "link" Plaintiff's limited distribution to QVC. *See generally* Dkt. 44.

Rather than follow the Court's guidance, Plaintiff's attempt to bulk up its TAC with more information about the number of units it sold to its exclusive retailers serves only to further establish the limited nature of Plaintiff's distribution. *See* Dkt. 43 at 6-7 ("Although Plaintiff now includes information about its sales of the Designs, these allegations fall far short of demonstrating the scope and scale of the Designs' dissemination."). Throughout its TAC, as with each prior pleading, Plaintiff explains repeatedly that "the asserted designs were produced or sold *exclusively* to specific retailers." Dkt. 44 ¶ 14 (emphasis added). Consequently, the *only* way for any member of the public, *including QVC*, to access the asserted designs is by viewing or purchasing units of the designs from the retailers. *See, e.g.*, *Id.* at 7 ("Because no other retailers were supplied with Design 1, the only way to obtain this design was from these retailers[.]"). But because a single retail location does not simultaneously display 3,000 units of the same shirt, the relevant question

9

is not how many units Plaintiff provided to its retailers but how many units the retailers sold and/or displayed to consumers. For 3,000 units to leave the storeroom – and thus be disseminated –the other copies of the shirt must have been sold. If 2,997 copies of the shirt never left the storeroom because the three display copies never sold, the proper measure of dissemination is 3, not 3,000. For that reason, whether Plaintiff shipped one unit or one million units of each Design to its exclusive retailers is irrelevant to the widespread dissemination analysis if those units were never subsequently sold or displayed to any portion of the consuming public that could reasonably, or even conceivably, include QVC. *Accord Gold Value Int'l Textile, Inc. v. Forever 21, Inc.*, No. 16-07174-RSWL-AJWx, 2018 WL 2328202, at *7 n.7 (C.D. Cal. May 22, 2018) ("Whether Plaintiff sold 10,000 or 12,000 yards of fabric is irrelevant since the sales were largely in Los Angeles and none of the sales were in China, where Defendant's vendor is located.").  As to the relevant question – how many units were sold to consumers – Plaintiff, apart from Design No. 1, provides no answer.

Similarly, Plaintiff's added allegations about the "approximate" number of storefronts operated by each of its selected retailers says nothing about the geographic distribution *of the Designs*. This Court could not have said it more clearly: "The fact that Plaintiff sold its Designs to a department store that operates nationwide does not prove that the Designs were disseminated nationwide, let alone widely disseminated." Dkt. 43 at 7 (citing *Tate-Robertson v. Walmart, Inc.*, No. CV 19-27 JGB (SHKx), 2019 WL 6448960, at *4 (C.D. Cal. May 16, 2019) ("Simply because a work is available for sale does not mean that the work has been 'widely disseminated.'")). But, again, that is the extent of the detail Plaintiff included in its TAC. For each Design, Plaintiff identified the retailers it sold to, that retailer's "approximate" number of retail locations, and whether that retailer operated a website. Dkt. 44 ¶ 15. Plaintiff does not identify where throughout the country its retailers' stores are located, let alone identify which of those locations (if any) ever

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

10

received, displayed, marketed, or sold any Design. Nor does Plaintiff allege whether these retailers sold or displayed any Design over the internet, at its retail locations, or through some combination of both (or any other) distribution channels. As a matter of common sense, it is more plausible that a defendant encountered a design available at 1,000 retail locations and the internet than it is a design available only at a single retail store at some unknown location in the United States. Without any allegations whatsoever detailing where or through what distribution channels the Designs were ever sold or displayed, there is simply no way for this Court to evaluate the likelihood that QVC could have reasonably encountered these Designs in the ordinary course of its business operations.

Moreover, without any information detailing the geographic boundaries or the distribution channels used in the Designs' distribution, the allegations in Plaintiff's TAC cannot establish whether and to what extent Plaintiff's Designs were "commercially successful, readily available, or otherwise likely to be encountered" by QVC. *See, e.g.*, *Art Attacks*, 581 F.3d at 1144-1145; *Klauber Bros., Inc. v. URBN US Retail LLC*, No. 1:21-cv-4526-GHW, 2022 WL 1539905, at *9 (S.D.N.Y. May 14, 2022); *see also Klauber Bros., Inc. v. QVC, Inc.*, No. 19-cv-09321, 2020 WL 7029088, at *8 (S.D.N.Y. Nov. 30, 2020) ("Plaintiff's allegation does not provide any detail about how much of the lace was sampled or sold, when it was sampled or sold, or, importantly, to whom it was sampled or sold. Without those details, the Court is unable to infer, to any degree of plausibility, whether Defendants saw or could have seen the protected designs at or around the time its products were made."). Succinctly stated, the Court cannot conclude that Plaintiff's Designs were "likely to be encountered" by QVC when Plaintiff cannot even allege where anyone could conceivably encounter them, likely or otherwise.

Plaintiff's omitted allegations concerning the number of units that were sold bearing the designs, where they were sold, the channels through which they were sold, and over what time period are precisely the allegations necessary to distinguish

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

11

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

between a plausible inference of access and "a speculative list of the potential ways [defendant] could have theoretically accessed" Plaintiff's Design.  *Star Fabrics, Inc. v. Wet Seal, Inc.*, No. 14-07163 BRO (SHx), 2014 WL 12591271, at *4 (C.D. Cal. Dec. 2, 2014).  By identifying the retailers to whom Plaintiff sold its shirts bearing its Designs, Plaintiff has merely identified a "list of the potential ways" that QVC "could have theoretically accessed" Plaintiff's Designs.  But without additional information concerning the number of units sold to consumers, the length of time they were displayed for purchase, or the geographic locations in which they were displayed, there is no reason to plausibly conclude, as opposed to merely speculate, that QVC was among the unknown number of consumers to view the Designs at an unknown location at an unknown point in time.  Without more such information, one cannot plausibly find even a "bare possibility" of such access occurring, much less the "reasonable possibility" as required to support to survive a motion to dismiss.  *See, e.g.*, *Art Attacks*, 581 F.3d at 1144-1145; *Rice v. Fox Broadcasting Co.*, 330 F.3d 1170, 1178 (9th Cir. 2003).

While the TAC omits the factual detail concerning the "scope" of dissemination identified above, the TAC also lacks necessary details that would allow this Court to ascertain the size or diversity of the audience likely exposed to any of the asserted Designs. "The Ninth Circuit has instructed that '[i]n most cases, widespread dissemination centers on the degree of a work's commercial success[.]'" *Segal*, 2022 WL 198699, at *9 (quoting *Loomis v. Cornish*, 836 F.3d 991, 997 (9th Cir. 2016)). "[A]lthough the Ninth Circuit has not identified a specific threshold for the level of public engagement with a work that constitutes 'wide dissemination,' its precedent indicates that a work's degree of commercial success and/or notoriety must be substantial." *Id.*  With limited exceptions, the TAC does not identify whether any shirts bearing the Designs were sold to consumers.  For the few Designs where Plaintiff does allege (or approximate) the number of units sold to consumers, the limited nature of such sales do not reach a "scale" commensurate

12

with widespread dissemination.

### (a)    Plaintiff Failed to Sufficiently Allege that Design No. 1 Was Widely Disseminated

Plaintiff alleges that "[f]rom on or about April 2015 through July 2019" it "produced and sold 38,362 units of Design No. 1 (BPSK1165) exclusively" to seven retailers. Dkt. 44 ¶ 15, Design No. 1. Then, "on information and belief," Plaintiff approximated that those seven retailers "had a combined number of at least 3,398 storefronts and websites from which to sell and market Plaintiff's Design No. 1[.]" *Id.* Plaintiff does not identify even one of those storefronts that actually carried, displayed, or sold Design No. 1 at any time or where such store was located.

Nor does Plaintiff allege that six of those seven identified retailers made even a single sale of even one unit of Design No. 1. The only allegation about any sale of Design No. 1 is that "Christopher & Banks [] reported to Plaintiff they had sold 16,241 Units of Design No. 1 during the five month period from March 2017 to July 2017." *Id.* Though Plaintiff concludes that "Defendants had access to Design No. 1 by obtaining or viewing it from products and images that were marketed or sold by these retailers," *id.*, the allegation only serves to further limit the extent of Design No. 1's distribution. Given that all alleged sales occurred between March 2017 and July 2017, QVC's "possibility" of encountering the designs is similarly limited to the same five month period – *seven years ago*. *Loomis*, 836 F.3d at 998 (rejecting plaintiff's theory of widespread dissemination in part because accused infringers were only present in the relevant market for ten days and where there was no evidence that accused infringers undertook any activity that created any reasonable possibility of access to copyrighted song at issue).

Nor does Plaintiff's alleged gross sales numbers (to retailers) demonstrate that there was a "reasonably possibility" that QVC obtained or saw this Design. Plaintiff does not identify how, to whom, or what geographic region(s) Christopher & Banks sold these 16,241 units of Design No. 1. Moreover, since Plaintiff only alleges that

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

13

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Christopher & Banks is the only retailer that actually sold any units of Design No. 1, that narrows the number of relevant storefronts and websites from which Design No. 1 may actually have been sold from 3,398 to approximately 451. *Id.* Of those 451 possible storefronts, did one store carry and sell all 16,241 units that were allegedly sold? Did each of the 451 stores sell 36 units? Were the Designs included in any promotional materials?  Indeed, Plaintiff fails to provide any context to demonstrate that sales of 16,241 units "nationwide" during a five month period constitutes widespread dissemination of garments in the retail clothing market. *Dress Barn, Inc. v. Klauber Bros., Inc.*, No. CV 18-8085-DLC, 2019 WL 1949675, at *5 (S.D.N.Y. Apr. 22, 2019) (dismissing complaint, in part, based on lack of access where Plaintiff failed to assert any facts regarding "where and when" the asserted work was distributed nor any facts to demonstrate that sampling or selling 330,000 yards of lace constituted "widespread dissemination"). Merely alleging the number of units of Design No. 1 sold, standing alone, cannot support Plaintiff's theory of access.

### (b)  Plaintiff Failed to Sufficiently Allege that Design No. 2 Was Widely Disseminated

As for Design No. 2, Plaintiff alleges that "[f]rom on or about June of 2016, Plaintiff produced and sold 6,606 units of Design No. 2 exclusively" to four retailers. Dkt. 44 ¶ 15, Design No. 2. Then, "on information and belief," Plaintiff approximated that those four retailers "had a combined number of at least 1,518 storefronts and websites from which to sell and market Plaintiff's Design No. 2[.]" *Id.* As set forth above, 6,606 units for a universally used product such as a shirt is not consistent with widespread dissemination.  Moreover, Plaintiff again fails to identify where any of those 1,518 storefronts were located, nor which (if any) of those storefronts ever actually sold or displayed units or photos of Design No. 2.

Importantly, Plaintiff fails to allege that any one of those four retailers ever

sold even a single unit of Design No. 2. *Id.* As this Court has explained, failing to allege even a single sale of an asserted Design by one of Plaintiff's exclusive retailers is "especially problematic for Plaintiff's theory of liability as Plaintiff makes clear that 'the only way to obtain the design was from Bluprint or [one of its retailers]' and that 'Bluprint neither sold this design to Defendants nor authorized Defendants to copy or use this design in any manner.'" Dkt. 43 at 7 n.3. Given that Plaintiff's theory of access is unchanged in its TAC, its failure to supplement its allegations is fatal. *See, e.g.*, Dkt. 44 ¶ 15, Design No. 2 ("Plaintiff had not made Design No. 2 available to the public except through these retailers; and Bluprint neither sold this design to Defendants nor authorized Defendants to use this design in any manner."). Plaintiff's failure to allege that any retailer ever sold a single unit of Design No. 2 again warrants dismissal of any claim concerning Design No. 2.

### (c)   Plaintiff Failed to Sufficiently Allege that Design No. 3 Was Widely Disseminated

Plaintiff alleges that "[f]rom on or about July of 2017, Plaintiff produced and sold 7,000 units of Design No. 3 exclusively" to one retailer, Chico's. Dkt. 44 ¶ 15, Design No. 3. Plaintiff alleged that Chico's "have *[sic]* approximately 560 stores and webstore." *Id.* Again, Plaintiff does not identify where any of those 560 storefronts were located, nor which (if any) of those storefronts ever actually sold or displayed units or photos of Design No. 3.

As for sales, Plaintiff alleges that Chico's sold somewhere between 2,000 and 7,000 units of Design No. 3 over a six month period. *Id.* ("Chico's reported sales of no less than 2,000 pieces of Design No. 3 from July 2017 to January 2018."). It is unclear why or how Chico's was able to report that it had sold "at least 2,000" units during a specific time range, but was unable to report the specific number of units it sold. Even setting that question aside, the Ninth Circuit has already held that 2,000 shirts *per year* is insufficient to plausibly allege access through widespread dissemination. *See, e.g.*, *Art Attacks*, 581 F.3d at 1143 (finding sales of 2000 shirts

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

per year insufficient even where the designs were displayed: (1) at fair booths and kiosks, (2) on persons wearing the T-shirts, and (3) on the internet); *Unicolors, Inc. v. Urban Outfitters, Inc.*, No. 14-01029 SJO (VBKx), 2015 WL 12733470, at *6 (C.D. Cal. Feb. 17, 2015) ("A fabric that sold 20,000 yards over three years should not be considered widely disseminated."). As a result, Chico's alleged sale of 2,000 *total* cannot constitute widespread dissemination as a matter of law.

Nor does Plaintiff's allegation that, in general, "[d]esigns offered by Chico's reach a wide market and popular items are often copied" say anything about the dissemination of Plaintiff's Design No. 3 (and, presumably, if Design No. 3 was "popular," Chico's would have proceeded to order more). Dkt. 44 ¶ 15, Design No. 3. Indeed, courts within this district have rejected similar allegations as irrelevant to the access inquiry because such generalizations say nothing about a defendant's access *to the specific copyrighted work in question*. *See, e.g., Tate-Robertson*, 2019 WL 6448960, at *4 (finding Plaintiff's allegation that she "is an artist who regularly sells, licenses, or otherwise exploits her artwork on accessories" insufficient to support her theory of access because "while Plaintiff alleges that she sells and licenses her artwork generally, she does not allege that she ever sold, licensed, or otherwise made available to the public the specific work in question"). The limited, alleged commercial success of Design No. 3 does not constitute widespread dissemination as a matter of law.

### (d) Plaintiff Failed to Sufficiently Allege that Design No. 4 Was Widely Disseminated

When granting QVC's second Motion to Dismiss, this Court specifically dismissed Plaintiff's allegations regarding Design No. 4 because Plaintiff failed to allege that Christopher & Banks "ever sold even a single unit" of Design No. 4. Dkt. 43 at 7. In its TAC, Plaintiff included only a conclusory allegation that, it "is informed and believes," that Christopher & Banks "widely disseminated" Design No. 4 by "selling and marketing" all or an allegedly "significant portion" of the

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

16

16,614 total units of Design No. 4 that it received from Bluprint to "the general public" since Christopher & Banks obtained those units from Bluprint in May 2016. Dkt. 44 ¶ 15, Design No. 4.

Vague approximations, not supported by factual allegations, cannot save Plaintiff's TAC from the same fate. Indeed, the Rule 12(b)(6) standard does not require courts to accept inconsistent factual allegations as true, especially where the factual basis for those inconsistencies are not explained. Here, Plaintiff previously was unable to provide any allegations concerning alleged sales of Design No. 4 to any member of the public.  The TAC's vague allegations that Plaintiff is "informed and believes" that some unstated quantity of products bearing Design No. 4 were sold is not entitled to credit.  *See, e.g.*, *Williams v. Yamaha Motor Corp., U.S.A.*, 106 F. Supp. 3d 1101, 1116-17 (C.D. Cal. 2015) ("Were Plaintiffs able to explain precisely what facts they discovered in their investigation that led them to believe that Defendant released this kit in 2002 rather than 2006, the Court would accept this inconsistency; because Plaintiffs do not allege any additional fact, however, the Court is left only with an unexplained factual conclusion in Plaintiffs' amended complaint that contradicts allegations in Plaintiffs' prior complaints."). Moreover, the relative specificity of Plaintiff's other allegations further diminish the plausibility of Plaintiff's conclusory allegations of sales concerning Design No. 4. For example, with respect to Design No. 1, Plaintiff alleged that "Christopher & Banks [] reported to Plaintiff they had sold 16,241 Units of Design No. 1 during the five month period from March 2017 to July 2017." *Id.*  Yet with respect to Design No. 4, the same retailer apparently could not provide similar information concerning the sale of this product.  Instead, because the Court previously dismissed the SAC because Plaintiff failed to, *inter alia*, allege that its designs were ever sold to the public, Plaintiff now asserts on "information and belief" that Christopher & Banks sold Design No. 4 to the public.

When faced with similar situations, district courts have repeatedly rejected

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

17

"identical or nearly identical 'information and belief' allegations, finding that [Plaintiffs] had 'fail[ed] to provide any actual facts to allow the [c]ourt to infer that any Defendant had access to Plaintiff's designs.'" *See Klauber v. M.J.C.L.K., LLC*, No. 21 Civ. 4523 (PGG), 2022 WL 5108902, at *5 (S.D.N.Y. Oct. 4, 2022) (citing *Klauber Bros., Inc. v. URBN US Retail LLC*, 2022 WL 1539905, at *9 (S.D.N.Y. May 14, 2022); *Klauber Bros., Inc. v. QVC, Inc.*, 2020 WL 7029088, at *9 (S.D.N.Y. Nov. 30, 2020).). At bottom, Plaintiff's allegation reduces to the notion that it sold a certain number of units to a retailer and then, upon information and belief, that retailer widely disseminated the product. In *Twombly*, the Supreme Court made clear that a "formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. The TAC, which merely alleges the formulaic recitation of the elements of a cause of action – where even the formulaic recitation is offered on "information and belief" – will surely "not do."

### (e)   Plaintiff Failed to Sufficiently Allege that Designs Nos. 5 & 6 Were Widely Disseminated

Plaintiff alleges that "[f]rom on or about October of 2014, Plaintiff produced and sold *no less than* 3,288 units of Design No. 5 and Design No. 6 to three retailers" Dkt. 44 ¶ 15, Designs No. 5 and No. 6 (emphasis added).[3] Plaintiff further alleged that "These retailers are nationally prominent and represent a collective 1,068 stores and websites serving as platforms from which to sell and market Designs No. 5 and No. 6 to the general public." *Id.*

As with all of the other Designs, Plaintiff does not identify the number of stores where Designs Nos. 5 and 6 were available for purchase, where these stores were located, or the amount of time where a consumer would have the ability to see

---

[3] Here, Plaintiff cannot even separately allege how many units bearing each design it sold to its retailers, but instead presents the number of units given to its retailers collectively. Nevertheless, Plaintiff seeks a separate statutory award for each Design. *See* Dkt. 44 ¶ 54 (demanding statutory damages "for six (6) counts of infringement").

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Designs Nos. 5 and 6 at a retailer.  But more fundamentally, 3,288 units of a shirt simply does not demonstrate widespread dissemination – especially given the vast geographic divide between Plaintiff (Los Angeles, California) and QVC (West Chester, Pennsylvania).  *See, e.g., L.A. Printex*, 676 F.3d at 846-50 (finding a genuine issue of material fact where the local sale of 50,000 yards of fabric over a four-year period sufficed to create a reasonable inference as to whether the fabric was widely disseminated); *Unicolors, Inc. v. Urban Outfitters, Inc.*, 2015 WL 12733470, at *6 (C.D. Cal. Feb. 17, 2015) (finding that "[a] fabric that sold 20,000 yards over three years should not be considered widely disseminated," especially considering that the plaintiff was Los Angeles-based and the defendant was Philadelphia-based); *Gold Value Int'l Textile, Inc.*, 2018 WL 2328202, at *7 (granting summary judgment where the plaintiff sold 12,000 yards of fabric to mostly LA-based companies and there was no evidence that the fabric was sold or manufactured in China (where the defendant's vendor was located)).  In other words, even accepting Plaintiff's approximation as true, Designs No. 5 and 6 were not widely disseminated as a matter of law.

### B.    The TAC Fails to Allege Any Relationship Between QVC and the Susan Graver Brand

The Federal Rules of Civil Procedure permit a plaintiff to allege inconsistent theories, not inconsistent facts.  Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency.").  In its SAC, Plaintiff admitted that the Susan Graver brand is owned by former defendant Susie Q. Dkt. 34 ¶ 17 ("Plaintiff discovered Defendants' unlawful copies through industry channels, online shopping websites, and/or retail stores where the infringing products were being sold to the public under brand names such as SUSAN GRAVER and DENIM & CO. which are brands owned by Defendants SUSIE Q and QVC, respectively, and were being promoted by Defendants.").  A court is free to consider a plaintiff's *prior* allegations in assessing the plausibility of a plaintiff's

19

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

*current* allegations. *See, e.g.*, *Smith v. Sahlolbei*, No. 5:14-cv-650-CJC (GJS), 2015 WL 7731374, at *4 n.2 (C.D. Cal. Oct. 28, 2015) ("[T]he Court may consider the facts alleged in his prior pleadings when determining whether he can allege a set of facts in an amended pleading.").

In its TAC, Plaintiff simply deleted this Court's cited reference to former defendant Susie Q, thereby purporting to attribute ownership of the Susan Graver brand to the only remaining defendant, QVC. It provides no additional allegations supporting QVC's newly-alleged ownership of the Susan Graver brand, or any allegations that otherwise evidence any sort of relationship between QVC and Susie Q. "Simply omitting the allegations leading to the Court's conclusion without supplying new factual allegations cannot create the type of plausible pleading that withstands *Iqbal*'s standard." *Id.* at *4. Because Plaintiff previously admitted that Susie Q owned the Susan Graver brand, and because Plaintiff failed to sufficiently allege any relationship between QVC and Susie Q or the Susan Graver brand, this new contradictory allegation is inherently implausible. *See Tikotzky v. Kai Data, LLC*, No. 21-971 JGB (SHKx), 2021 WL 3924757, at *4 (C.D. Cal. June 23, 2021) ("The Court joins others with the District to hold that where allegations in operative pleadings do not contradict earlier pleadings, but instead merely omit previously-pleaded material which harms a plaintiff's case—such allegations are judicial admissions that a plaintiff has not cured."). Consequently, because Plaintiff is bound by its previous admission that Susie Q, not QVC, owns the Susan Graver brand, this Court should again independently dismiss Designs Nos. 1, 3, 5, and 6 on this basis.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

**V.     CONCLUSION**

For the foregoing reasons, QVC respectfully requests that this Court dismiss Plaintiff's Third Amended Complaint in its entirety, and without leave to amend.

Dated: March 28, 2024                          **BALLARD SPAHR LLP**


By:     */s/ Scott S. Humphreys*
        Scott S. Humphreys
        Attorney for Defendant QVC, Inc.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400